Sheridan Oil Co. v. Cunningham.

99 P. 2d 497.

No. 28864.   Jan. 16, 1940.

Rehearing Denied Feb. 13, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 5, 1940.

Kleinschmidt & Johnson, of Tulsa, for plaintiff in error.

E. A. Adriaenssens, of Tulsa, for defendant in error.

WELCH, V. C. J. This action was brought by Maud Cunningham, plaintiff in trial court, against the Sheridan Oil Company, a corporation, defendant in trial court, for damages for failure to furnish casinghead gas for domestic use.

The plaintiff is the owner of a tract of land upon which defendant holds a mining lease for the exploration, production, and sale of oil and gas. The defendant operated said lease and produced oil therefrom. As a part of the terms and conditions of the lease it is provided "lessors may, if any well or wells on said premises produce sufficient gas, have gas for domestic purposes for one family, the lessors paying for connections at such points as may be from time to time designated by lessees."

Plaintiff alleged that prior to August 1, 1935, for some years (more than 20 years by the evidence) she had the use and benefit of an ample supply of gas from the well to which she laid a line at her own expense, but that on said date the defendant removed the packing around the well in such manner that the gas was allowed to escape into the air, depriving the plaintiff of the use thereof. The plaintiff alleges in her bill of particulars that the gas supply was ample for her use and was not used by defendant. Judgment was rendered in favor of plaintiff in justice court, the cause was appealed to the court of common pleas, where trial was had to a jury, resulting in a verdict and judgment for plaintiff.

The defendant lists a number of assignments of error in its brief, but seriously presents only two questions. One contention being that in the oil and gas lease, since casinghead gas was not mentioned, the lease contract cannot be construed to include casinghead gas. This lease contract, however, has been construed by the parties themselves when the plaintiff made the connections and the defendant permitted plaintiff to make connections and use the casinghead gas for a period of years.

Where a contract, or any clause thereof, is uncertain and indefinite, and the parties thereto, by their subsequent conduct or acts, have construed it, and such construction is within the purview of the language used, the court will ordinarily adopt as controlling the construction placed on the contract by the parties themselves. Hammett Oil Co. v. Gypsy Oil Co., 95 Okla. 235, 218 P. 501, 34 A. L. R. 275; Ahrens Refrigerator Co. v. Williams, 176 Okla. 5, 54 P. 2d 200.

The other contention of defendant is that it was the duty of the court to construe the contract as a matter of law. The authorities cited by defendant are applicable where a written contract is clear, explicit, and unambiguous, while in the case at bar the written contract is not clear as to the kind of gas the parties had reference to, especially in the face of the construction placed on the contract by the parties thereto by their actions.

Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great, if not controlling, weight in determining its proper interpretation. Mussellem et al. v. Magnolia Petroleum Co. et al., 107 Okla. 183, 231 P. 526; 13 C. J. page 546.

Therefore, since the plaintiff in her bill of particulars alleged that the gas supply was ample, and was not being used by the defendant, and that plaintiff was entitled to money damages, and supported such allegations with competent evidence, said cause was rightfully permitted to go to a jury, with proper instructions by the court.

Judgment is therefore affirmed.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion. RILEY, J., dissents. DANNER, J., absent.